JACQUELINE BROWN
228 TURNING STONE
CIBOLO TX  78108
336-257-0596

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jacqueline Brown**<br><br>Plaintiff,<br><br>v.<br><br>**Secretary of the Air Force**<br>**Frank Kendall**<br>**Department of the Air Force**<br><br><br>Defendant | **Case No.:** 2: 22-CV-01062 TLN DB PS<br><br>**Complaint for Employment Discrimination**<br><br><br><br>Jury Trial:  ☑ Yes ☐ No<br>*(check one)* |

**FILED**

JUN 2 1 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

### I.        The Parties to This Complaint
### A. Plaintiff

Jacqueline Brown
228 Turning Stone
Cibolo Texas
336-257-0596
jaxnjackie@gmail.com

### B. Defendants:

United States Air Force
Secretary of the Air Force
Frank Kendall
1670 Air Force Pentagon,
Washington, DC 20330-1670

Lt Col Stephen Dawson
Unit Commander
United States Air Force
Address Unknown

Brown v. Air Force

1

Kirsten Shapiro
Logistics Officer (Civilian)
United States Air Force
Address Unknown

Ret Charles Myers
Flight Chief
United States Air Force
Address Unknown

### C. Place of Employment

9th PSPTS/Bldg. 1089
17855 Warren Shingle Rd
Beale AFB, CA, 95903

**II.**   **BASIS OF JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin). Title VII of the Civil Rights Act of 1964, Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., Hostile Work Environment 42 U.S.C. § 1981.,29 C.F.R. § 1607.11-Disparate Treatment

**III.**   **STATEMENT OF CLAIMS**

PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendants and alleges as follows: I the Plaintiff, Jacqueline Brown proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2)29,the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq, 607.11 Disparate Treatment to remedy acts of employment discrimination and retaliation perpetrated against myself by the United States Air Force(USAF). I, the Plaintiff, contends that USAF officials discriminated against me by not taking my complaints serious in the same manner as my white coworkers as a Whistleblower because of

2

Brown v. Air Force

my race. I also bring forth the claim the USAF did not acknowledge my disabilities as reasons for changes in behaviors as they allowed for other members in the logistics section or offer the same compassion/excuses for my 'alleged' behavior. Lastly, I, the Plaintiff, further asserts when I notified my supervision about such unfair treatment, which they then created a hostile working environment for me, caused me to suffer major anxiety, Lupus flares, depression, punished me for using chain of command, punished me for following regulations, denied pay upgrade, denied simply work request, and finally, terminated my federal service employment under the guise of termination with misconduct during probationary employment while holding me to higher standards than my coworkers and treating me differently.

## Claim One
### (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)

The foregoing paragraphs are realleged and incorporated by reference herein. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus. The AF has a deep-rooted history of which they recently tried to hide in 2016 that came to surface in 2018. At Beale Air Force, this behavior goes unnoticed in the secluded area where the base authority allows this behavior to continue. I reported my concerns to members of my leadership team from the lowest to highest level from position safety concern to pilot safety concern. I was met with hostility and microaggressions from my flight chief MSgt Charles Myers and Logistics Officer, Ms. Kirsten Shapiro. I was followed around where comments about my hair were made, I was called a 'know it all' denied requested inspections, and any support to do my job. When my coworker started doing the right thing, they would state that acting as me was a derogatory remark when she started enforcing the same rules. I was denied simple work schedule changes, agreed gym time, and received written microaggressions in my feedback. During my EEO investigation, I

Brown v. Air Force

3

was victim blamed and asked why I did not report sooner and my positive character statements and facts to prove my case were dismissed as the investigator used the words written by the person, I had a written complaint again to say I was the 'angry one.' The IG office did not investigate my complaint simply because the commander told them I was 'angry I was fired' instead of looking at the facts I submitted to show I was removed the day before so they can come, I was the 'angry black woman' instead of validating they were not following regulations.

### Claim Two
### (Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.)

At this time, I reallege and incorporate by reference each allegation contained in each paragraph below as thoughtfully set forth herein. The AF has discriminated against me by denying my reasonable accommodation for my disabilities, including occupational stress, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, as amended. Leadership at 9th PSPTS has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of my concerns of safety and disregarded every attempt to get the unit within regulations that would impact the Supply Technicians directly should an incident occur. I was hired as a Disabled Veteran, and often identified times when I did not feel 'my best' at work because I was seen as having an 'attitude' for simply quietly existing at my desk. During the time of the flooding, the unit failed to identify and allow for accommodation of how this situation affected my conditions and instead used the time to investigate that did not include which was about me to state I was not doing my job and that my 'silence' was a problem. EEO failed to ask questions of whether I was treated the same as others with disabilities. I worked in Logistics section where others were placed who were going through Medical Boards, had medical problems, etc. Others in the section, were given allowable excuses to their behaviors such as putting heads on their desk, yelling at others, and having numerous bad days as part of their medical conditions. When I brought up the behavior of MSgt Myers towards me to my

Brown v. Air Force

4

supervisor, Mrs. Shapiro, she failed to act and made excuses due to his medical but failed to do the same for my 'alleged' behavior.  No compassion, no excuses, no questions were asked of me even after being off several times around each of the said allegations. By reason of the AF's discrimination, all legal and equitable remedies available under the Rehabilitation Act and attorney's fees should be awarded under 29 U.S.C. § 794(a) (1)(2).

## Claim Three
### (Hostile and Abusive Working Environment 42 U.S.C. § 1981)

The foregoing paragraphs are realleged and incorporated by reference herein.  Lt Col Steven Dawson and Mrs. Kirsten Shapiro allowed the behavior of MSgt Charles Myers to go on unchallenged and unchanged after complaints have been brought forth against him.  I explained to Mrs. Shapiro after she witnessed the way MSgt Myers behaved towards to me how unacceptable his behavior was in Sept 2019 in which she made excuses for his behavior stating '*that is the way he is*'.  I was then not spoken to, nor talked too, and excluded to the point where it was noticeable by others in the squadron. The Defendant's conduct as alleged above constitutes hostile and abusive working environment for anyone to have to endure. The AF investigates itself and then decides what was hostile because they assumed I managed the situation 'well enough' and my work did not faulter.  They dismissed the statements made by others where they stated that I was in a dark place and not my normal self.  EEO disregarded the statements made those members of the unit did not want to work with me or be around which is a clear definition a hostile environment.  I was subjected to being yelled at, gaslighted, not able to do my job to the best of my ability and questioned every step of the way when trying to perform my duties to the point I suffered Lupus flares, anxiety, and depression while working and heightened PTSD after.

## Claim Four
### (Disparate Treatment 29 C.F.R. § 1607.11)

The foregoing paragraphs reallege the incidents in which I was held to a higher standard than

Brown v. Air Force

5

those I work with. I was the only one sought out in the logistics section for speaking to the Superintendent about our pay concerns even though all Supply Technicians were present in the meetings. I was the only one removed from my position for having 'alleged' complaints even though all members of Logistics had complaints. I was not the only one who sent parts back for not being tagged correctly. I was not the only member who had complaints while on probationary period. There were other members of the section who were much more egregious and were not removed from their positions, yet I was. I was not in an executive position and was held to higher standards than those who were in executive positions. I was held to different standards than my coworkers and was expected to perform at higher rates and higher expectations than my coworkers.

A.  The discriminatory conduct of which I complain in this action includes (check all that apply):
- ☑ Termination of my employment.
- ☑ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Other acts: Hostile Work Environment

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

16  April 2018- 19 Feb 2019

C.  I believe that defendant(s) *(check one)*:

**ARE** still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

Race  BLACK/AFRICAN AMERICAN

Disability  LUPUS, ANXIETY, DEPRESSION

Gender/sex  FEMALE

E.  **STATEMENT OF FACTS**

I, Jacqueline Brown, African American disabled female veteran, was a federal employee serving as Supply Technician, GS-2005 during my probationary period with the United States Air Force. At

Brown v. Air Force

6

the time of my termination, I worked at the 9th PSPTS unit on Beale AFB, California located in Marysville. My first level supervisor was Kirsten Shapiro, a white female, who was the Logistics Officer; her supervisor was Lt Col Steven Dawson, Commander of 9th PSPTS, who is also a white male. I also reported to Logistics Flight Chief, MSgt Charles Myers, white male, as an interim supervisor and later the focal point of Logistic concerns as directed by Ms. Shapiro.

Since starting my employment, 2 Apr 2018, I noticed a strong difference of treatment between myself and my coworker, whom name is omitted for her privacy will be referred to as Supply Coworker, white female, by leadership, specifically MSgt Myers and Ms. Shapiro. MSgt Myers on repeated occasions told me he did not like me because I got his plan overturned to have 'supply working Logistics', yelled at me, purposely not allowed me to complete basic work tasks because he did not like me, followed me around the squadron to make comments about my hair calling it 'weird', and referred to me in a negative remark when my Supply Coworker started enforcing regulations. MSgt Myers belittled my knowledge, dismissed my expertise in Supply, asserted microaggressions to other members in the squadron to the point they all stopped wanting to be around me and work around me. MSgt Myers testified during my 8 Nov 2019, MSPB hearing and confirmed after I denied his direct order no one wanted to be around me, work around me, or talk to me. MSgt Myers stated in a MFR used for my termination that I was a 'know it all' and that I was directing others to do my job because I returned parts to be tagged correctly. The same process he said was his 'opinion' that I should be doing despite showing him in the regulations that I was not authorized, trained, nor certified as it would be a direct Pilot Safety issue.

Mrs. Kirsten Shapiro enforced a hostile working environment when she failed to act on the complaint that I brought forth about MSgt Myers. Instead, she made excuses for him and said 'that is just who he was'. Mrs. Shapiro also treated me significantly differently from my coworker, Supply Coworker, to the point Mrs. Shapiro only spoke to Supply Coworker when I was not around. Mrs.

Brown v. Air Force

7

Shapiro took it upon herself to stop our pay upgrade and then used my concern to write clear microaggressions in my feedback. When asked to clarify the comments as they were derogatory, she stated they were not punishment but goals, and then referred to said, 'goals' as punishment to push for termination in my probationary period for 'misconduct.' She then took it upon herself to write a statement on behalf of two coworkers who told her they did not want to write a statement during an investigation that she refused to speak to me about, despite Air Force Civilian regulations identifying I should be notified. All members in our Logistics section who have had investigations against them have been notified they were under investigation except for me. Ms. Shapiro also testified during the 8 Nov 2019 MSPB hearing that everyone in Logistics had complaints both formally and informally, yet I was the only one fired. I was the only black women in Logistics and the only one reporting the unit for not following regulations for Pilot Safety concerns. Ms. Shapiro wrote statements singling me out for going to our Superintendent about our pay upgrade on two separate occasions along with my Supply Coworker. She accused me going to the Superintendent because we were both 'Black' but left out that my 'white' Supply Coworker was in these meetings with us and that we only went to these meetings because Ms. Shapiro was not working our pay concerns.

Lt Col Dawson was aware of all the actions above as I verbally told him during my Deciding Official meeting held on 15 Feb 2019. He was also told about how Ms. Shapiro does not speak to me by Ms. Cerillo during our meeting with him in Jan 2019, when we brought up the regulation concerns. Lt Col Dawson failed to function as a commander and remain unbiased and proceeded to solely base his decision on statements made by Ms. Shapiro. Lt Col Dawson did not review any of the proof I was targeted by MSgt Myers and Ms. Shapiro but turned in my termination package four days earlier than my effective termination date. I gave Lt Col Dawson a 19-page MFR of all the incidents where I tracked each incident as they occurred. I had three pages of 'Knock it Off' and examples when regulations were being violated' and additional proof to show my claims. I then expressed concern about the claims of 'misconduct' as that this was a personal attack on me for

8

Brown v. Air Force

speaking up doing my job. I then handed him 23-character statements that I collected in less than 12 hours of people pleading for him to not release me and speaking on my work ethic and impact I had in the unit. Two of the statements were the coworkers that Ms. Shapiro wrote on behalf of explaining that I did not create a hostile work environment, they stated what Ms. Shapiro wrote was not correct. Lt Col Dawson then testified during the 8 Nov 2019 MSPB hearing that I was 'confused' and 'did not know my job', that I had complaints. Lt Col Dawson took the complaint of my white female supervisor and dismissed the proof and facts that I had. Lt Col Dawson was also aware that MSgt Myers was disciplined for saying racial remarks to another group of African American airmen before and failed to act.

The Agency EEO investigation alleges the incidents happened however they are 'petty nuances' since my work did not falter based on my October 2019 feedback. The investigation neglects the statements of witnesses who agreed it was because I was 'Black.' The Agency EEO investigation claims my work did not diminish despite their own witness stating I was in a 'dark place' and that I was 'not doing my job.'

Instead, the unit leadership and the Air Force failed to protect me, have accountability, and integrity to do the right thing. They then used the guise of my probationary period to say I did not do my job and that I was the one who was creating a hostile work environment by the typical 'angry Black female' with an attitude. I endured countless microaggressions and disparate treatment and attempted to solve these matters at all levels within the Air Force channels and my complaint diminished while complaints against me prevailed with less merits.

1.    **Exhaustion of Federal Administrative Remedies**
    A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on
        1 Feb 2019 with agency/ 25 Oct 2020 with EEOC

    B. The Equal Employment Opportunity Commission
            issued a Notice of Right to Sue letter, which I received on

Brown v. Air Force

9

**18 April 2022**

**<u>Prayer for Relief</u>**

WHEREFORE, the Plaintiff requests that the court award her:

(a)    A retroactive promotion to the GS-9 level, with all attendant back pay, benefits, removal of derogatory personnel records, favorable appraisals, and other emoluments of employment.

(b)    The sum of $500,000.00 in compensatory damages suffered because of the discrimination and retaliation which caused mental anguish, PTSD, and triggered existing conditions.

(c)    Punitive damages of $400,000 and public apology issued to those who were affected and the complaints of CMSgt Kimberly Tyler investigated as she was also affected by unjust actions of racism and discriminatory/retaliatory treatment of her.

(d)   costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and other damages and further relief as deemed just.

(e)    Any other remedies decided that not mentioned seen fit as I am not a legal representative or aware of all legal remedies I may be awarded.

2.    **Certification and Closing**
Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case- related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10 JUN____, 2022

Respectfully Submitted,

Jacqueline Brown

Pro Se

228 Turning Stone.

Cibolo TX 78108

Tel. 336-257-0596

Brown v. Air Force

10