UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BROWN, | No. 2:22-cv-1062 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| FRANK KENDALL, Secretary of the United States Department of the Air Force, | |
| Defendant. | |

Plaintiff Jacqueline Brown is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On November 14, 2022, defendant filed a motion to dismiss. (ECF No. 10.) On December 19, 2022, plaintiff filed a motion for leave to file an amended complaint. (ECF No. 19.) On January 17, 2023, defendant filed a statement of non-opposition to plaintiff's motion for leave to amend. (ECF No. 23.)

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."

1  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation
2  omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so
3  requires.").

4  Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing
5  party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.
6  The "court's discretion to deny leave to amend is particularly broad where the court has already
7  given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal
8  Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

9  After reviewing plaintiff's filings and defendant's statement of non-opposition, plaintiff's
10 request for leave to file an amended complaint will be granted.  On November 28, 2022, plaintiff
11 filed a request for electronic filing.  Therein, plaintiff explains that plaintiff lives out of state and
12 has "read L.R. 133 L.R. 143."  (ECF No. 15 at 1.)

13 Although plaintiff's request is understandable, the undersigned is concerned that plaintiff
14 may not be aware of the court's requirements and the implications of being granted permission
15 for electronic filing.  See generally Local Rules 131, 133, 137, 140, & 141.  Plaintiff's motion,
16 therefore, will be denied without prejudice to filing a renewed motion that acknowledges plaintiff
17 has reviewed all of the relevant Local Rules and requirements for electronic filing.

18 **CONCLUSION**

19 Accordingly, IT IS HEREBY ORDERED that:

20 1. Plaintiff's December 19, 2022 motion to amend (ECF No. 19) is granted;

21 2. Within twenty-one days of the date of this order plaintiff shall file an amended
22 complaint.  The amended complaint must bear the case number assigned to this action and must
23 be titled "Amended Complaint";

24 3. Defendant's November 14, 2022 motion to dismiss (ECF No. 10) is denied without
25 prejudice to renewal as having been rendered moot; and

26 ////
27 ////
28 ////

4. Plaintiff's November 28, 2022 motion for electronic filing (ECF No. 15) is denied without prejudice to renewal.

Dated:  January 23, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/brown1062.lta.ord