UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK KENDALL, Secretary of the United States Department of the Air Force,<br><br>　　　　Defendant. | No.  2:22-cv-1062 TLN DB PS<br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Jacqueline Brown is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as plaintiff's motions for electronic filing access, motion to deny motion to dismiss, and motion to argue.  (ECF Nos. 27, 28, 33 & 35.)  For the reasons stated below, plaintiff's motion for e-filing access will be granted, and the undersigned will recommend that defendant's motion to dismiss be granted, and that the amended complaint be dismissed without further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on June 21, 2022, by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding on an

1

amended complaint filed on February 2, 2023.  (ECF No. 26.)  Plaintiff alleges sixty-three incidents of discrimination experienced while plaintiff was employed as a Supply Technician at Beale Air Force Base.  (Am. Compl. (ECF No. 26) at 2-8.[1])  For example, the amended complaint alleges that between "May 2018-Feb 2019" plaintiff and a "white coworker . . . both returned parts to the correct back shops" but that plaintiff "was the only one removed for doing so[.]"[2]  (Id. at 2.)  That in "Jan 2019" plaintiff and a "white coworker . . . were both overheard complaining about doing jobs" but plaintiff "was the only one investigated and seen as insubordinate."  (Id.)  That in "April 2018-Feb 2019" plaintiff "was not allowed to make" scheduling changes but a "white coworker was approved to do so even though she was late nearly every day."  (Id. at 3.)  That in "Dec 2018" a "Flight Chief yelled at both" plaintiff and a "white coworker" but "only apologized to [the] white worker" and said "the only reason why he" apologized to plaintiff was because the white coworker "asked him to[.]"  (Id. at 4.)

Pursuant to these allegations the amended complaint asserts that plaintiff was subjected to discrimination resulting in a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 501 *et seq*.  (Id. at 2-8.)  On February 6, 2023, plaintiff filed a motion for electronic filing.  (ECF No. 27.)  On February 21, 2023, defendant filed a motion to dismiss.  (ECF No. 28.)  Plaintiff filed an opposition on March 3, 3023.  (ECF No. 29.)  Defendant filed a reply on March 13, 2023.  (ECF No. 30.)

On March 22, 2023, filed a sur-reply styled as a "Response to Defendant's Motion to Dismiss."  (ECF No. 31 at 1.)  On May 19, 2023, plaintiff filed another sur-reply, this time styled as a motion to "Deny Defendant's Motion to Dismiss."  (ECF No. 33 at 1.)  On May 24, 2023, defendant filed an opposition to plaintiff's motion noting that it was a sur-reply.  (ECF No. 34.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The amended complaint alleges that plaintiff is "a member of a protected class due to . . . race." (Am. Compl. (ECF No. 26) at 2.)

2

On June 7, 2023, plaintiff filed a "motion to argue that a motion is not a surreply[.]³" (ECF No. 35 at 1.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

---

³ Plaintiff's filings are sur-replies. The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-replies in evaluating defendant's motion to dismiss. Plaintiff's motion to argue that the motion to deny is not a sur-reply will, therefore, be denied.

1   elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

2   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

4   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

5   not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

6   459 U.S. 519, 526 (1983).

7       In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

8   to consider material which is properly submitted as part of the complaint, documents that are not

9   physically attached to the complaint if their authenticity is not contested and the plaintiff's

10  complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles,

11  250 F.3d 668, 688-89 (9th Cir. 2001).

12  **ANALYSIS**

13  **I.      Defendant's Motion to Dismiss**

14      **A.      Exhaustion**

15      As noted above, the complaint asserts claims pursuant to Title VII and the Rehabilitation

16  Act. "Title VII 'provides the exclusive judicial remedy for claims of discrimination in federal

17  employment.'" Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 197 (9th Cir. 1995) (quoting Brown v.

18  General Servs. Admin., 425 U.S. 820, 835 (1976); see also Vinieratos v. U.S., Dept. of Air Force

19  Through Aldridge, 939 F.2d 762, 773 (9th Cir. 1991) ("the Rehabilitation Act of 1973 does not

20  establish an alternative route to judicial review for litigants who claim to have suffered from

21  handicap discrimination").

22      "Title VII exists in large part 'to make persons whole for injuries suffered on account of

23  unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th

24  Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). To this end,

25  "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to

26  [her] compensation, terms, conditions, or privileges of employment, because of such individual's

27  race, color, religion, sex, or national origin.'" Campbell v. Hawaii Department of Education, 892

28  F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

1    However, "[i]n order to bring a Title VII claim in district court, a plaintiff must first
2 exhaust her administrative remedies." Sommatino v. U.S., 255 F.3d 704, 707 (9th Cir. 2001).
3 Likewise, "[i]n order to bring a claim under the Rehabilitation Act, a federal employee must
4 exhaust available administrative remedies." Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th
5 Cir. 2003). A plaintiff exhausts their "administrative remedies by filing a charge with the EEOC .
6 . . and receiving a right-to-sue letter." Scott v. Gino Morena Enterprises, LLC, 888 F.3d 1101,
7 1106 (9th Cir. 2018).

8    The court only has jurisdiction over "charges of discrimination that are like or reasonably
9 related to the allegations made in the EEOC charge, or that fall within the EEOC investigation
10 which can reasonably be expected to grow out of the charge of discrimination." Deppe v. United
11 Airlines, 217 F.3d 1262, 1267 (9th Cir. 2000) (quotation omitted). "We 'consider [a] plaintiff's
12 civil claims to be reasonably related to allegations in the charge to the extent that those claims are
13 consistent with the plaintiff's original theory of the case.'" Freeman v. Oakland Unified School
14 Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting B.K.B. v. Maui Police Dept., 276 F.3d 1091,
15 1100 (9th Cir. 2002)).

16    "[T]he inquiry into whether a claim has been sufficiently exhausted must focus on the
17 factual allegations made in the charge itself, describing the discriminatory conduct about which a
18 plaintiff is grieving." Freeman, 291 F.3d at 637.

> In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

B.K.B., 276 F.3d at 1100.

   Here, in support of the motion to dismiss defendant has submitted a copy of a "Notice of Acceptance of EEO Complaint" addressed to plaintiff and dated April 12, 2019. (Def.'s Ex. B (ECF No. 10-4) at 2.) That letter advised plaintiff that the agency would "investigate the following claims based on the complaint" submitted by plaintiff:

5

>    a. Was the complainant discriminated against on the basis Race (Black) and Disability (Mental: Depression Physical: lupus) subjecting her to hostile work environment when:
>
>    (1) From 12 Feb 2019 – 16 April 2018, MSgt Charles Meyers, 9 PSPTS/SGTP, discriminated against the complainant when he told her she was intimidating, her hair was weird and yelled at her on multiple occasions.
>
>    (2) On 20 October 2018, Ms. Kristen Shapiro, 9 PSPTS/SGTL, discriminated against the complainant on the basis of race when she told her that her facial expressions were hostile and that she appeared to sulk.

(Id.)  The Notice also advised plaintiff that plaintiff could "amend a complaint at any time prior to the conclusion of the investigation[.]"  (Id.)  Plaintiff did not amend the complaint.  (Def.'s Ex. D (ECF No. 10-6) at 3.)

Moreover, on July 19, 2019, plaintiff submitted a declaration in support of the EEO complaint that asked plaintiff "[a]re these the claims as you understand them?"  (Suppl. Decl. Ex. E (ECF No. 28-3) at 3.)  Plaintiff answered "Yes."  (Id.)  These claims were analyzed in the Final Agency Decision, which found "no discrimination with regard to the matters raised[.]"  (Ex. C (ECF No. 10-5) at 3-4, 19.)  And in the EEOC decision on appeal, which found that "the preponderance of the evidence of record does not establish that discrimination occurred."  (Ex. D (ECF No. 10-6) at 2-3, 5.)

As noted by defendant "nearly all of the 63 paragraphs in support of [plaintiff's] two claims] identify discrete employment action" that plaintiff did not challenge in her EEO complaint.  (Def.'s MTD (ECF No. 28-1) at 5.)  For example, the amended complaint alleges that in January of 2019 plaintiff and a "white coworker . . . were both overheard complaining about doing jobs," but only plaintiff was "investigated and seen as insubordinate."  (Am. Compl. (ECF No. 26) at 2.)  That in October of 2018 plaintiff "was denied GS-19 that was originally approved[.]"  (Id. at 3.)  That in November of 2019 plaintiff "was not allowed to partake in gym time[.]"  (Id.)  That in December of 2018 a Flight Chief yelled and plaintiff and a white coworker but only apologized to the white coworker.  (Id. at 4.)

Such unexhausted claims should be dismissed.  See Chew v. City and County of San Francisco, 714 Fed. Appx. 687, 691 (9th Cir. 2017) ("Because Plaintiff failed adequately to

6

1  disclose to the EEOC and the DFEH the claims advanced here, he failed to exhaust his

2  administrative remedies. This barred his Title VII and FEHA claims, and warranted summary

3  judgment for Defendants."); Mayo v. Recycle to Conserve, Inc., 795 F.Supp.2d 1031, 1046 (E.D.

4  Cal. 2011) ("The court finds that an investigation into whether plaintiff was terminated to retaliate

5  against plaintiff for engaging in protected activity could not 'reasonably be expected to grow out

6  of the charge' that defendant terminated plaintiff because of his race.").

7      As noted above, plaintiff has exhausted charges of discrimination that are like or

8  reasonably related to the allegations that plaintiff was discriminated against on the basis race and

9  disability subjecting her to hostile work environment in relation to the actions of MSgt Meyers

10 from April 16, 2018 to February 12, 2019, concerning comments that plaintiff was intimidating,

11 had weird hair, and yelled at plaintiff. Plaintiff has also exhausted charges of discrimination that

12 are like or reasonably related to allegations that plaintiff was discriminated against on October 20,

13 2018, when Ms. Kristen Shapiro told plaintiff her facial expressions were hostile and that plaintiff

14 appeared to sulk. These claims will be evaluated below.

15     **B.   Hostile Work Environment**

16     With respect to plaintiff's exhausted charges of discrimination resulting in a hostile work

17 environment, "[a] hostile work environment claim involves a workplace atmosphere so

18 discriminatory and abusive that it unreasonably interferes with the job performance of those

19 harassed." Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000). Such a claim

20 "requires the existence of severe or pervasive and unwelcome verbal or physical harassment

21 because of a plaintiff's membership in a protected class." Sischo-Nownejad v. Merced

22 Community College Dist., 934 F.2d 1104, 1109 (9th Cir. 1991), abrogated on other grounds by

23 statute as stated in Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1041 (9th Cir.

24 2005).

25     "Workplace conduct is not measured in isolation; instead, 'whether an environment is

26 sufficiently hostile or abusive' must be judged 'by looking at all the circumstances, including the

27 frequency of the discriminatory conduct; its severity; whether it is physically threatening or

28 humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

1    employee's work performance.'" Clark County School Dist. v. Breeden, 532 U.S. 268, 270-71
2    (2001) (quoting Faragher v. Boca Raton, 524 U.S. 775, 787-788 (1998)). "The working
3    environment must both subjectively and objectively be perceived as abusive." Fuller v. City of
4    Oakland, Cal., 47 F.3d 1522, 1527 (9th Cir. 1995). "[T]he objective severity of harassment
5    should be judged from the perspective of a reasonable person in the plaintiff's position[.]"
6    Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998).

   Here, plaintiff's exhausted allegations allege that she was told she was intimidating, that her hair was weird, her facial expressions were hostile, she appeared to sulk, and was yelled at on multiple occasions. (Def.'s Ex. B. (ECF No. 10-4) at 2.) Even assuming *arguendo* that the allegations are true, while the undersigned would not condone of such conduct, the conduct described does not, even taken in total, rise to the level of creating a hostile work environment. See Faragher, 524 U.S. at 788) ("conduct must be extreme to amount to a change in the terms and conditions of employment"); Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) ("even if Schmitz's conduct was unrelated to business and personnel management, a single incidence of the 'gruff,' 'abrupt,' and 'intimidating' behavior Lawler described is not sufficiently severe to constitute a hostile working environment"); Kortan v. California Youth Authority, 217 F.3d 1104, 1110 (9th Cir. 2000) (supervisor calling female employees "castrating bitches," "Madonnas," or "Regina," calling plaintiff "Medea," and sending plaintiff letters at home did not constitute a hostile work environment); Candelore v. Clark Cnty. Sanitation Dist., 975 F.2d 588, 590 (9th Cir. 1992) ("isolated incidents of sexual horseplay alleged by Candelore took place over a period of years and were not so egregious as to render Candelore's work environment 'hostile'").

   Accordingly, for the reasons stated above, the undersigned finds that defendant's motion to dismiss the amended complaint's exhausted hostile work environment claim should be granted.

### III. Further Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

1  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

2  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

3  while leave to amend shall be freely given, the court does not have to allow futile amendments).

4      Here, in light of the defects noted above, the undersigned finds that granting plaintiff

5  further leave to amend would be futile.  In this regard, plaintiff has previously amended the

6  complaint.  The only claims plaintiff has exhausted, and thus can raise in this action, are the

7  claims that plaintiff was told she was intimidating, that her hair was weird, her facial expressions

8  were hostile, she appeared to sulk, and was yelled at on multiple occasions.  As noted above,

9  those claims fail to state a hostile work environment claim.  Granting plaintiff further leave to

10 amend, therefore, would be futile.

11 **IV.  Plaintiff's Motion for E Filing**

12     On February 6, 2023, plaintiff filed a motion for electronic filing.  (ECF No. 27.)  The

13 undersigned may grant plaintiff's request pursuant to Local Rule 133(b)(2).  Review of plaintiff's

14 filing finds that plaintiff has reviewed the rules and requirements applicable to electronic filing.

15 Plaintiff's motion will, therefore, be granted.

16                      **CONCLUSION**

17     Accordingly, IT IS HEREBY ORDERED that:

18     1.  Plaintiff's February 6, 2023 motion for electronic filing (ECF No. 27) is granted;

19     2.  Plaintiff's May 19, 2023 motion to deny (ECF No. 33) is denied; and

20     3.  Plaintiff's June 7, 2023 motion to argue (ECF No. 35) is denied.

21     Also, IT IS HEREBY RECOMMENDED that:

22     1.  Defendant's February 21, 2023 motion to dismiss (ECF No. 28) be granted;

23     2.  The February 6, 2023 amended complaint be dismissed without further leave to amend;

24 and

25     3.  This action be closed.

26     These findings and recommendations are submitted to the United States District Judge

27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28 after being served with these findings and recommendations, any party may file written

9

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/brown1062.mtd.f&rs

10